## O'ROURKE *v.* PECK *et al.*

*(Circuit Court, S. D. New York. July 7, 1887.)*

WHARVES—INJURY TO VESSEL—LIABILITY OF LESSEE.
  A libel *in personam* for the sinking of a canal-boat will lie against the occupants of a wharf under a lease which gave them general possession and control, but excepted and reserved the use of the premises for the purpose of loading and unloading coal, where the accident was caused by the dangerous condition of the bottom along-side the wharf, though libelant was coming there for the purpose of unloading coal for the parties authorized to use the premises for that purpose.

In Admiralty. On appeal from district court, 29 Fed. Rep. 223.
Libel *in personam* by Patrick O'Rourke against Joshua S. Peck and others, for the sinking of libelant's canal-boat. Respondents appeal from a decree for libelant.

*Edward D. McCarthy,* for libelant.

*Flanagan & Hamlin,* for respondents.

WALLACE, J. The defendants were in possession, as lessees and occupants, of the wharf at which the libelant's boat capsized; and it is conceded that the accident resulted from the unsafe and dangerous condition of the bottom of the river alongside the wharf, and without negligence on the part of the libelant. The general proposition is not disputed that the owner or person having the possession and control of such structure is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the structure or the access to it, which is known to him, and not to them, and which he has negligently suffered to exist. But it is insisted for the defendants that they are not liable to the libelant, because he was not at their wharf with his boat upon their invitation, but was there, at most, by a permission which was no more than

a bare acquiescence upon their part, and therefore they did not owe him any duty in reference to the condition of the premises.

The defendants' lease excepted and reserved from the premises demised the use of the premises for the purpose of loading or unloading coal, and the right to use the premises for the loading and unloading of coal was in the Consumers' Coal Company at the time of the accident to the libelant's boat, and had been for some time previously. At the time of the accident the wharf was used by the defendants for loading and unloading building materials, and by the Consumers' Coal Company for loading and unloading coal. The libelant came there with his boat to unload coal for the Consumers' Coal Company. As the libelant came to the wharf upon the express invitation of the Consumers' Coal Company, the case, upon the facts proved, would be clear against that company, if it, instead of the present defendants, had been sued. But it seems equally clear that the defendants, as occupants of the wharf, having the general possession and control, were under an obligation to keep the premises in a reasonably safe condition for the use of all persons who might lawfully resort there; and any person lawfully going there for the transaction of business to which the premises were appropriated had a right to assume, as against the defendants and all other persons in occupancy and control, that the structure itself, and the access to it, were in a reasonably safe condition. Upon this ground, and not because of the covenant in the defendants' lease to keep the premises in repair, the decree of the district court is affirmed.